UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CLIFFORD JONES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | CAUSE NO. 3:16-CV-129-PPS |

## OPINION AND ORDER

Clifford Jones, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary hearing where a hearing officer found him guilty of possession of a controlled substance in violation of Indiana Department of Correction policy B-202. DE 1 at 1. His punishment was 90 days earned credit time being taken from him and he was demoted from Credit Class 2 to Credit Class 3. *Id.* According to Jones, there are four grounds which entitle him to habeas corpus relief.

In Ground One, Jones claims, "Superintendent Griffin instructed to find all B and A write ups guilty." DE 1 at 2. Liberally construing this claim, this appears to be an argument that Jones was denied due process because the Superintendent of the facility issued an instruction to the prison's hearing officers that all offenders charged with class A or B offenses be found guilty. "[P]risoners are entitled to be free from arbitrary actions of prison officials." *McPherson v. McBride*, 188 F.3d 787 (7th Cir. 1999) (quotation marks omitted). But in the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for impermissible bias is high."

*Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Jones does not provide any additional information to explain what makes him believe the Superintendent issued such an instruction, or why he believes that the hearing officer followed such an instruction. And Jones's unsubstantiated allegation is not enough to overcome the presumption. In the absence of any evidence, Ground One is not a basis for habeas corpus relief.

In Grounds Two, Three, and Four, Jones argues that the hearing officer did not have sufficient evidence to find him guilty of violating B-202. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson*, 188 F.3d at 786. Even a "meager" amount of evidence will do. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Here's what the Conduct Report has to say about what Jones is alleged to have done:

> On October 9, 2015 at approximately 7:45pm I Officer G. Bailey was assigned to the IHU ½ side. I was conducting a property inventory of offender Jones, Clifford DOC#998061 from IHU-207. I located a folded piece of tan paper inside a pillow case in offender Jones' property box. After unfolding the paper it revealed a green leafy substance that is believed to be the controlled substance referred to as K-2 or spice. Also located numerous pieces of paper containing other offenders' information that speaks of possible trafficking.

DE 7-1. K-2 is the name of synthetic marijuana. *See McNeeley v. Superintendent*, No. 3:13 CV 401, 2014 WL 301462, at *1 n.1 (N.D. Ind. Jan. 28, 2014) *citing* Nat'l Drug Control Pol'y, https://obamawhitehouse.archives.gov/ondcp/ondcp-fact-sheets/synthetic-drugs-k2-spice-bath-salts (last accessed July 28, 2017).

The IDOC defines offense B-202 as "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (last accessed July 28, 2017). The IDOC's definition of 'possession' includes any contraband on the prisoner's person, without reference to ownership: "offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control." Disciplinary Code for Adult Offenders. http://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders___6-1-2015.pdf (last accessed July 28, 2017). Indiana State law prohibits possession of any synthetic drug. Ind. Code § 35-48-4-11.5.

The hearing officer's finding that Jones was guilty was not arbitrary or unreasonable in light of the evidence in the Conduct Report. Further, a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Here, the reporting officer recognized the concealed substance as synthetic marijuana.

The officer's identification of the substance, combined with the suspicious concealment of the substance inside a pillow case, was "some evidence" that Jones was guilty of violating B-202.

Jones argues that he should not have been found guilty because the confiscated substance was not tested. However, the prison's refusal to test the substance did not violate Jones' due process rights. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Though prisoners have a right to submit relevant exculpatory evidence, they do not have the right to create evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id. See also Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . .."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); and *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates not entitled to laboratory testing of substances). Thus, the fact that the substance was not tested is not a basis for habeas relief.

Finally, Jones argues that he should not have been found guilty because (in a different disciplinary ticket) the reporting officer mistook his identity. DE 1 at 3. But this has no relevance to Jones' present petition. The documents demonstrate that on October 9, 2015 Jones received two disciplinary tickets; the ticket in this case, and a ticket in another case. He had a hearing in both cases on October 20, 2015. While both Conduct

4

Reports concern Jones' use or possession of a controlled substance in violation of B-202, the tickets were issued as a result of two different incidents. In this petition, Jones has not challenged the merits of his discipline in the other case. And nor could he, as his claims regarding that case have already been adjudicated in *Jones v. Superintendent*, 3:16-cv-130-RL (closed July 27, 2016). Thus the content of his other disciplinary ticket is not relevant to this case and does not serve as a basis for habeas corpus relief.

For the reasons set forth above, the petition (DE 1) is **DENIED**. The clerk is **DIRECTED** to close this case.

**SO ORDERED**.
ENTERED: July 31, 2017.

s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**
